IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:08CR268 |
| v. | |
| JUAN OROZCO-OSBALDO, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Juan Orozco-Osbaldo's ("Orozco-Osbaldo") pro se Motion for Compassionate Release/Reduction in Sentence (Filing No. 131). *See* 18 U.S.C. § 3582(c)(1)(A). Currently an inmate in the Cedar Hill Unit of the Correctional Institution at Big Spring, Texas, Orozco-Osbaldo contends the ongoing COVID-19 pandemic warrants his release, or at least a sixty-five percent reduction in his sentence.

Federal law authorizes Orozco-Osbaldo to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But he can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Orozco-Osbaldo does not say that he has exhausted his administrative remedies or otherwise complied with § 3582(c)(1)(A). He also does not provide any basis for relief beyond his general fear of contracting COVID-19 in prison.

Although the Court fully understands Orozco-Osbaldo's legitimate concerns about the risks posed by COVID-19, the Court agrees with the Third Circuit that a defendant's failure to meet one of § 3582(c)(1)(A)'s requirements for judicial review before asking the Court to reduce his sentence "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (noting "the risks that COVID-19 poses in the federal prison system," but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Orozco-Osbaldo's motion for compassionate release is denied without prejudice to refiling after he has met either of the statutory requirements for judicial review under § 3582(c)(1)(A).

IT IS SO ORDERED.

Dated this 29th day of January 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge